### In re CBS LICENSING ANTITRUST LITIGATION.

#### No. 59.

Judicial Panel on Multidistrict Litigation.

Jan. 20, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL *, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

Record Club of America, Inc., has commenced two actions in different districts attacking licensing agreements entered into by CBS as licensee and numerous producers and manufacturers of records and tapes as licensors. Both complaints allege, basically, that the licenses constitute exclusive agreements for the production of the licensors' tapes and records by the Columbia Record Club, plaintiff's competitor, in violation of the antitrust laws. The Eastern District of Pennsylvania action was filed by Record Club and originally named CBS and several licensors as defendants. Only CBS and one licensor remain as defendants in that action. The Southern District of New York action was only recently filed and names a large number

* Judge Stanley A. Weigel was unable to attend the hearing in this matter, but has, with the consent of the parties, participated in the decision.

of record manufacturers, alleged to be licensors to CBS, as defendants. There are no common defendants in the two actions; however, the complaints are substantially similar and involve the legality of the same type of licensing agreements.

These two cases are before the Panel on the motion of one of the New York defendants for transfer of that action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the case pending there. Several of the New York defendants and CBS, the principal Philadelphia defendant, support this motion while Record Club opposes it. We conclude that the convenience of the parties and witnesses and the just and efficient conduct of the litigation require transfer of the New York case to Philadelphia.

No one disputes that the substantially similar complaints raise common questions of fact concerning the existence and effect of these licensing agreements. Record Club contends, however, that these actions involve merely "run of the mill" antitrust questions not sufficiently complex to justify treatment of these two cases under Section 1407. See In re Scotch Whiskey, 299 F.Supp. 543 (Jud.Pan.Mult.Lit.1969).

Although the common fact question raised by these substantially similar complaints are not so large as those in the IBM cases, *In re IBM*, 302 F.Supp. 796 (Jud.Pan.Mult.Lit.1969), they are sufficiently broad and complex, when combined with the factors of judicial efficiency and inconvenience to the parties, to merit treatment under Section 1407 and to make them distinguishable from the two cases involved in *In re Scotch Whiskey, supra*, where transfer was denied. The two *Scotch Whiskey* cases raised a limited number of common questions and were filed in widely separated districts[1] by different plain-

tiffs. Substantial inconvenience to one of the plaintiffs and to some of the defendants would have resulted from the transfer of either case under Section 1407.

In contrast, transfer in the present cases is likely to produce a substantial savings of time and effort for court and counsel and will result in minimal inconvenience to the parties. We envision this saving of time and effort because Judge E. Mac Troutman, to whom the Philadelphia case has been assigned, has already disposed of several questions likely to recur in the New York action. For instance, Judge Troutman has already dismissed three causes of action in Philadelphia, two of which have been reasserted by Record Club in its later New York complaint. Rulings by Judge Troutman in the discovery area may also be applicable to the New York case. The inconvenience to the parties resulting from such a transfer is minimal because the plaintiff, whose offices and records are located at York, Pennsylvania, within the Eastern District is already before Judge Troutman. And the New York defendants, many of whose offices are in New York, are willing to bear whatever slight inconvenience results to them from transfer.

In a final argument opposing transfer Record Club suggests that voluntary cooperation among counsel could eliminate the potential problems involved in this litigation. But as Record Club emphasizes in its papers, all attempts to secure such cooperation have met with failure. In this situation transfer of the New York action under § 1407 is appropriate.

It is therefore ordered that the action listed on the attached Schedule A pending in the Southern District of New York be transferred to the Eastern District of Pennsylvania pursuant to Sec-

---

1. One action was filed in the District of Colorado and the other was filed in the District of New Jersey.

tion 1407. With the written consent of that court, the transferred case is assigned to the Honorable E. Mac Troutman for coordinated or consolidated pretrial proceedings with the related case pending in that district.

STANLEY A. WEIGEL, Judge of the Panel (dissenting):

I respectfully dissent. It seems to me that the rationale of our decision in Re Scotch Whiskey, 299 F.Supp. 543 (Jud. Pan.Mult.Lit.1969) governs here.

### SCHEDULE A

#### Southern District of New York

Record Club of America, Inc. v. A. & M. Records, et al

Civil Action No. 70 Civ 2320

#### Eastern District of Pennsylvania

Record Club of America, Inc. v. Columbia Broadcasting System, Inc., et al

Civil Action No. 68–1132