**In re CBS LICENSING ANTITRUST LITIGATION.**

*Record Club of America, Inc. v. Kinney Services, Inc., et al., S. D. New York, Civil Action No. 71 Civ. 5096.*

**No. 59.**

Judicial Panel on Multidistrict Litigation.
April 19, 1972.

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

In January, 1971 the Panel transferred an action pending in the Southern District of New York to the Eastern District of Pennsylvania for pretrial proceedings with a similar action pending there. Both actions were brought by Record Club of America attacking licensing agreements entered into by CBS (licensee) with numerous producers and manufacturers of records and tapes (licensors) concerning the production of records and tapes for use in Columbia's record club. In re CBS Licensing Antitrust Litigation, 328 F.Supp. 511 (Jud. Pan.Mult.Lit.1971). Record Club has now filed a third action in the Southern District of New York against Kinney Services, Inc. and its record sales subsidiary, Warner-Elektra-Atlantic Distributing Corporation. The Panel entered an order to show cause why this action should not be transferred to the Eastern District of Pennsylvania. On the basis of the voluminous briefs and affidavits filed and the arguments presented at the hearing, we conclude that this latest complaint shares many questions of fact with the previously transferred cases and that transfer to the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and further the just and efficient conduct of the litigation.

The first two actions in this litigation allege that the exclusive license agree-

---

\* Although Judges Robson and Lord were unable to attend the hearing, they have, with the consent of the parties, participated in this decision.

ments between CBS and other producers and manufacturers of records and tapes constitute violations of the federal antitrust laws.[1] These licenses allegedly injured Record Club by forcing it to purchase records and tapes of the licensors for use in its record club at prices higher than those paid by CBS, making it impossible for Record Club to compete effectively with CBS in the record club market. Among the defendant licensors in these actions are Warner Bros. Records and Elektra Records, both of which are now owned by Kinney Services, Inc.

The third complaint alleges that Kinney's acquisition of Warner Bros., Elektra and Atlantic Records and the exclusionary and reciprocal trade agreements the acquired companies entered into with Kinney and other unnamed co-conspirators constitute violations of Sections 1 and 2 of the Sherman Act and Section 7 of the Clayton Act. More specifically, Record Club alleges that it was injured by defendants' refusal to grant it licenses for the manufacture of records and tapes for the club markets similar to the licenses granted by these companies to other record clubs. This conduct allegedly raised the cost to Record Club of defendants' products, making it impossible to compete in the club market and denying it the capital to compete in the record and tape production market.

Record Club opposes transfer of its third action to the Eastern District of Pennsylvania. It emphasizes the allegations concerning Kinney's acquisition of the three record club subsidiaries and asserts that the fact questions raised are whether Kinney's conduct in acquiring and dominating the three previously independent competitors has been unlawful and, if so, whether Record Club was in-

jured thereby. It urges that Kinney's acquisitions have nothing to do with CBS' exclusive licensing practices attacked in the two earlier complaints and that there is no basis for coordinated or consolidated pretrial proceedings in these cases.

It is true that the matter of Kinney's acquisitions is not covered in the earlier complaints, but we agree with Kinney's assertion that all three complaints grow out of a single grievance. The central subject of the complaint is still Record Club's alleged inability to obtain licenses to manufacture and sell phonograph records and tapes, forcing it to purchase finished records and tapes at higher prices than its club competitors and putting it at a competitive disadvantage in the club market. Kinney's acquisitions apparently have little significance beyond their alleged effect on the subsidiaries' licensing policies. And, significantly, the only allegations of injury to Record Club parallel the earlier complaints by asserting that Kinney caused two of its subsidiaries to deny licenses for the club market to Record Club, making Record Club's operation more expensive.

Any inquiry into these allegations will cover factual issues common to the earlier actions. Because of its essential similarity to the previously transferred cases, this action should also be transferred to the Eastern District of Pennsylvania.[2]

It is therefore ordered that the action entitled Record Club of America, Inc. v. Kinney Services, Inc., et al., Southern District of New York, Civil Action No. 71 Civ. 5096, be, and hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable E. Mac

---

1. Both actions originally alleged violations of Sections 1 and 2 of the Sherman Act, Section 2 of the Robinson-Patman Act and Section 5 of the Federal Trade Commission Act.

2. All parties to this action are already before Judge Troutman in the E.D. of Pennsylvania. We previously determined that forum to be a convenient one for the parties and witnesses. In re CBS Licensing Litigation, *supra*.

Troutman for pretrial proceedings with the actions listed on the attached Schedule A.

## SCHEDULE A

### Eastern District of Pennsylvania

Record Club of America, Inc. v. A & M Records, et al.    Civil Action No. 71–220

Record Club of America, Inc. v. Columbia Broadcasting System, Inc., et al.    Civil Action No. 68–1132